BEFORE THE SECOND DIVISION, MARCH 31, 1944

**No. 49303.**—Protest 107980–K of Morris Shoenthal, Inc. (New York).

Opinion by TILSON, J.   The record showed that the items in question are similar in all material respects to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218).   In accordance therewith the protest was sustained to this extent.

**No. 49304.**—Protests 97600–K, etc., of Ino Merchandise Co. et al. (San Francisco and St. Louis).

Opinion by TILSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 49305.**—Protests 840335–G, etc., of American Decorative Flower Co. et al. (Baltimore, etc.).

Opinion by TILSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, MARCH 31, 1944

**No. 49306.**—Protests 994359–G, etc., of Arnold Baker Co. et al. (Duluth).

Opinion by EKWALL, J.   It is claimed in the pleadings that the liquidations were illegal and void in that the collector did not designate for examination nor did the appraiser examine the number of packages required by the statute, section 2901 of the Revised Statutes then in effect, carried into the tariff acts of 1922 and 1930 as section 499.   The testimony in the case at bar fully supported the allegations in the pleadings, and the record in *Davis* v. *United States* (T. D. 49012) was incorporated.   On the record thus made it was held that the appraisements were null and void and the liquidations based thereon were invalid.   Duty should have been assessed upon the entered values.   The plaintiffs' claim was therefore sustained. *United States* v. *Tower* (24 C. C. P. A. 456, T. D. 48912) cited.

BEFORE THE FIRST DIVISION, APRIL 3, 1944

**No. 49307.**—Protest 5931–K of Suen Mark & Co. (San Francisco).

Opinion by COLE, J.   The merchandise was assessed and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247).   In accordance with stipulation of counsel and on the authority

of said cited case the gourmet powder or ve-tsin at bar was found to contain salt and was therefore excluded from paragraph 5 (chemical compounds). The protest was sustained.

**No. 49308.**—Protest 52571–K of Suen Mark & Co. (San Francisco).

Opinion by Cole, J.   The merchandise was assessed and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the gourmet powder or ve-tsin at bar was found to contain salt and was therefore excluded from paragraph 5 (chemical compounds). The protest was sustained.

**No. 49309.**—Protest 60841–K of Suen Mark & Co. (San Francisco).

Opinion by Cole, J.   The merchandise was assessed and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C.C.P. A. 43, C. A D. 247). In accordance with stipulation of counsel and on the authority of said cited case the ve-tsin or gourmet powder at bar was found to contain salt and was therefore excluded from paragraph 5 (chemical compounds). The protest was sustained.

BEFORE THE THIRD DIVISION; APRIL 3, 1944

**No. 49310.**—Petition 6196–R of J. H. Benon, Inc. (Los Angeles).

Opinion by Cline, J.   It was apparent from a letter from the petitioner, admitted in evidence as exhibit 1, which appeared to be in answer to a letter from the customs broker notifying the petitioner that the appraiser had advanced the value 10 percent, as there was an advance of 10 percent in the value of glassware in Sweden on March 16, 1940, that this notice of the advance did not reach the petitioner until April 30 and that he immediately sent the notice of the advance to the appraiser at New York but failed to send his customs broker in Los Angeles notice. The merchandise was entered 8 days before the petitioner received notice of the advance and was examined on April 27, 3 days previous to the receipt of the notice. Exhibit 1 also contains instructions to amend two other entries made at San Francisco and Portland by making an advance of 10 percent. It appeared that the advance in value in Sweden occurred 2 days after the invoice was certified before the American Consul, but the ship containing the goods did not sail until 4 days after the advance. The court was of the opinion that the principle applicable in this case is the same as applied by the court in *Union Food Products Co.* v. *United States* (13 Ct. Cust. Appls. 343, T. D. 41253). *United States* v. *Stauff* (25 C.C.P. A. 215, T D. 49306) was cited by the importer. It was found, however, in that case there were other circumstances besides the carelessness of the importer. *Fish* v. *United States* (12 Ct. Cust. Appls. 307, T. D. 40315), which was affirmed in *United States* v. *Fish* (268 U. S. 607), was also cited. From the record it was held in the instant case that in